**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0927-23

1650 OAK STREET, LLC,

    Plaintiff-Appellant,

v.

TOWNSHIP OF LAKEWOOD
ZONING BOARD OF
ADJUSTMENT and KBS MT.
PROSPECT, LLC,

    Defendants-Respondents.

_____

Argued October 8, 2025 – Decided October 30, 2025

Before Judges Mayer, Vanek and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-1341-23.

Vincent J. DelRiccio argued the cause for appellant (R.C. Shea & Associates, attorneys; Robert C. Shea, of counsel and on the briefs; Vincent J. DelRiccio, on the briefs).

Matthew N. Fiorovanti argued the cause for respondents (Giordano, Halleran & Ciesla, PC,

attorneys for respondent KBS Mt. Prospect, LLC; Matthew N. Fiorovanti, of counsel and on the brief).

Dasti, McGuckin, McNichols, Connors, Anthony and Buckley, attorneys for respondent Township of Lakewood Zoning Board of Adjustment (Jerry J. Dasti, of counsel and on the brief; Joseph F. Mackolin, Jr., on the brief).

PER CURIAM

Plaintiff 1650 Oak Street, LLC appeals from the following orders entered on October 20, 2023: an order granting a motion to dismiss in favor of defendant KBS Mt. Prospect, LLC (KBS); an order granting a motion to dismiss in favor of defendant Township of Lakewood Zoning Board of Adjustment (Board); an order denying its motion for summary judgment; and an order denying its motion to file an amended complaint. We affirm all orders on appeal.

Plaintiff challenges dismissal of its complaint in lieu of prerogative writs alleging violations of the Open Public Meetings Act (OPMA), N.J.S.A. 10:4-6 to -21. Plaintiff alleges the Board acted without authority based on failure to comply with the OPMA's notice provisions since January 2022. Plaintiff contends the Board failed to properly reorganize and vest itself with jurisdiction to act each year thereafter. Additionally, plaintiff claims the Board failed to recite statutorily mandated language regarding compliance with the OPMA at a May 2023 meeting.

2

Specifically, plaintiff argues at the Board's January 8, 2022 annual meeting,[1] the Board failed to comply with N.J.S.A. 10:4-8 when it reorganized as a public body, vested itself with quasi-judicial authority, and established its regular monthly meetings for the upcoming year. Plaintiff further contends the Board failed to provide "adequate notice"[2] of the scheduled regular monthly meetings it set at that annual meeting—the last monthly meeting for that year was scheduled for January 9, 2023. According to plaintiff, because the Board provided inadequate notice of the regular monthly meetings in January 2022, it lacked authority and jurisdiction to take any action at the subsequent monthly meetings absent notice of special meetings, which the Board failed to do.

Plaintiff further contends on January 9, 2023, the Board held the last of its regular monthly meetings for the year without noticing that meeting as a

---

[1] Annual meetings under N.J.S.A. 10:4-8 require a public body, at least once a year, post a schedule of the public body's regularly scheduled meetings for the year with dates, times, and locations, to the extent known. The statutory posting must be made within seven days of the annual organization or reorganization meeting, or by January 10 if such a meeting is not held. N.J.S.A. 10:4-8.

[2] Adequate notice includes written notice to two newspapers and posted publicly at least forty-eight hours in advance that provides the time, date, location and agenda (to the extent known) of any meeting, whether regularly scheduled or special. N.J.S.A. 10:4-8(d).

3

special meeting. At that meeting, the Board reorganized, vested itself with jurisdiction, and scheduled its regular monthly meetings for 2023.

On January 18, 2023, the Board provided notice of the new schedule for regular monthly meetings but, like the January 2022 notice, plaintiff claims the notice was inadequate under the OPMA.

On February 6, 2023, the Board held a regular meeting and attempted to correct the OPMA deficiencies by reorganizing and reaffirming its schedule of regular monthly meetings. The Board published notice of its reaffirmed schedule on February 9 and 10. Plaintiff asserts the Board lacked authority to act at the February 6, 2023 meeting because the January 18, 2023 notice for the February 6 meeting was deficient, and the Board failed to notice it as a special meeting.

At the next monthly meeting, May 1, 2023, the Board considered a variance application filed by KBS.[3] Because the Board purportedly failed to properly notice the February 6, 2023 meeting or properly reorganize at that meeting, plaintiff asserts the Board lacked authority to consider KBS's variance request. Additionally, plaintiff contends that even if the Board had authority to

---

[3] KBS contends plaintiff's challenges to the Board's annual meeting notices were designed to delay and frustrate its variance application.

A-0927-23

act, the May 1 meeting had to be noticed as a special meeting—not a regular meeting—and the Board failed to do so. Further, plaintiff asserts the Board's chairman failed to recite the statutorily-required notice language at the May 1 meeting, rendering the proceedings on that date defective.

In count one of the complaint, plaintiff claimed the Board was not authorized to conduct business and act as a result of the OPMA notice deficiencies. Plaintiff sought to void all Board action taken at its meetings on January 9, February 6, and May 1, 2023.

In count two of the complaint, plaintiff claimed the Board's January 18, 2023 notice of the regular monthly meetings was deficient. Because the January 9 and January 18, 2023 meetings and notices did not comply with the OPMA, plaintiff claims the Board lacked authority to conduct any business at these meetings, including reorganization. Plaintiff asserts these deficiencies rendered the Board's actions at the February 6 and May 1, 2023 meetings invalid.

In count three of the complaint, plaintiff challenged the Board's actions at the May 1, 2023 meeting. At the May 1 meeting, the Board considered KBS's variance application. During appellate argument, the parties advised that plaintiff filed a separate action challenging the Board's approval of KBS's variance application. Thus, plaintiff's challenge to the Board's actions at the

5

May 1, 2023 meeting is subsumed in a separate complaint and is no longer a part of this appeal.

The Board filed an answer to the complaint. In its answer, the Board raised several affirmative defenses, including the statute of limitations and plaintiff's failure to state a claim for relief under Rule 4:6-2(3).

In lieu of filing an answer, KBS moved to dismiss plaintiff's complaint as barred by the statute of limitation. KBS also asserted the complaint should be dismissed because plaintiff failed to state a claim for relief. The Board then filed a dismissal motion raising the same arguments as KBS.

Plaintiff cross-moved for summary judgment. While defendants' motions to dismiss and plaintiff's cross-motion for summary judgment were pending, plaintiff filed a motion for leave to file an amended complaint. The proposed amended complaint alleged that after the May 1, 2023 meeting, the Board continued to hear KBS's variance application despite the Board's failure to properly reorganize and provide proper notice of its meetings.

On October 20, 2023, the court heard counsels' arguments on the motions. The judge partially granted defendants' motions to dismiss. The judge found the claims asserted in counts one and two of the complaint were barred by the forty-five-day period of limitations under N.J.S.A. 10:4-15. The judge

6

concluded plaintiff's complaint in lieu of prerogative writs was filed more than forty-five days after issuance of notices for the January 8, 2022, January 9, 2023, and February 6, 2023 meetings. Therefore, the judge determined the allegations in counts one and two of the complaint were untimely and dismissed those counts with prejudice.

Regarding count three of the complaint, the judge dismissed those claims without prejudice and allowed plaintiff to refile the claims in a separate action. The parties advised that the allegations asserted in count three of plaintiff's complaint are currently the subject of separate pending litigation. Therefore, we need not address plaintiff's challenge to that portion of the judge's order.

Based on the dismissal of the complaint, the judge denied plaintiff's cross-motion for summary judgment. The judge also denied plaintiff's motion to amend the complaint. The judge found the allegations in counts four and five of the proposed amended complaint were untimely. Thus, the judge concluded the allegations in plaintiff's proposed amended complaint would have been futile.

On appeal, plaintiff asserts the judge erred in determining its complaint was untimely. Additionally, plaintiff claims the judge erred in denying its

motion for leave to file an amended complaint. Further, plaintiff contends it was entitled to summary judgment as a matter of law.

We first address plaintiff's claim the judge erred in dismissing its complaint as untimely.

"Rule 4:6-2(e) motions to dismiss for failure to state a claim upon which relief can be granted are reviewed de novo." Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman and Stahl, P.C., 237 N.J. 91, 108 (2019)). "A complaint should be dismissed for failure to state a claim pursuant to Rule 4:6-2(e) only if 'the factual allegations are palpably insufficient to support a claim upon which relief can be granted.'" Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2020) (quoting Rieder v. State Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987)). In considering a Rule 4:6-2(e) motion, "[a] reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint.'" Baskin, 246 N.J. at 171 (quoting Dimitrakopoulos, 237 N.J. at 107). The test for determining the adequacy of a pleading is "whether a cause of action is 'suggested' by the facts." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)).

A-0927-23

"Dismissals under Rule 4:6-2(e) are ordinarily without prejudice." Mac Prop. Grp. LLC & The Cake Boutique LLC v. Selective Fire & Cas. Ins. Co., 473 N.J. Super. 1, 17 (App. Div. 2022). However, "a dismissal with prejudice is 'mandated where the factual allegations are palpably insufficient to support a claim upon which relief can be granted,' or if 'discovery will not give rise to such a claim.'" Ibid. (first quoting Rieder, 221 N.J. Super. at 552; and then quoting Dimitrakopoulos, 237 N.J. at 107). Where a trial court is "convinced . . . discovery will not supply a claim . . . , the complaint should be dismissed with prejudice." Est. of Campbell through Campbell v. Woodcliff Health & Rehab. Ctr., 479 N.J. Super. 64, 89-90 (App. Div. 2024).

The OPMA provides a forty-five-day period for challenging an action that allegedly did not conform with the statute. The OPMA provides:

> a. Any action taken by a public body at a meeting which does not conform with the provisions of this act shall be voidable in a proceeding in lieu of prerogative writ in the Superior Court, which proceeding may be brought by any person within [forty-five] days after the action sought to be voided has been made public; provided, however, that a public body may take corrective or remedial action by acting de novo at a public meeting held in conformity with this act and other applicable law regarding any action which may otherwise be voidable pursuant to this section; and provided further that any action for which advance published notice of at least [forty-eight] hours is provided as required by law shall not be voidable solely

9

for failure to conform with any notice required in this act.

b. Any party, including any member of the public, may institute a proceeding in lieu of prerogative writ in the Superior Court to challenge any action taken by a public body on the grounds that such action is void for the reasons stated in subsection a. of this section, and if the court shall find that the action was taken at a meeting which does not conform to the provisions of this act, the court shall declare such action void.

[N.J.S.A. 10:4-15.]

In considering a challenge for failure to provide adequate notice under N.J.S.A. 10:4-8(d), the Court has held that "strict adherence to the letter of the law is required." Polillo v. Deane, 74 N.J. 562, 578 (1977). Substantial compliance is no defense when considering whether a public body provided adequate notice. Id. at 577-78.

Here, counts one and two of plaintiff's complaint alleged violations of the OPMA starting in January 2022. Count one alleged the Board had no authority to act because it failed to provide adequate notice of its: annual monthly meetings in January 2022; the January 9, 2023 meeting at which the Board reorganized; the February 6, 2023 meeting where the Board again reorganized; and the May 1, 2023 meeting. Count two overlapped with count one, alleging

the notice deficiencies rendered the February 6 and the May 1, 2023 meetings invalid.

Plaintiff filed its complaint on June 8, 2023.  Plaintiff's challenges related to actions taken at the Board's January 2022, January 2023, and February 2023 meetings.  Those allegations fell outside the forty-five-day period from the posted notices of these meetings.  Additionally, whether or not plaintiff saw the posted notices is insignificant because plaintiff's attorney lodged an objection to the Board's actions at the February 6, 2023 meeting.  Thus, the forty-five-day clock commenced on that date and expired on March 27, 2023, rendering plaintiff's June 8, 2023 complaint untimely.  On these facts, we discern no error in the judge's dismissal of plaintiff's complaint with prejudice.

We next address plaintiff's assertion the judge erred in denying its motion for leave to file an amended complaint.  We review a trial judge's decision on a motion for leave to amend a pleading for abuse of discretion.  Port Liberte II Condo. Ass'n, Inc. v. New Liberty Residential Urb. Renewal Co., 435 N.J. Super. 51, 62 (App. Div. 2014).

Where a party seeks to file an amended complaint after responsive pleadings have been filed, Rule 4:9-1 provides that the court shall "freely" grant leave to amend "in the interest of justice."  While leave should be liberally

11

granted, the court need not grant the motion if an amendment would be futile or not legally sustainable. Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006). "[T]he requested amendment is examined to determine whether it is futile, that is whether the amended claim will nonetheless fail and, hence, allowing the amendment would be a useless endeavor." Ibid. "In other words, there is no point in permitting the filing of an amended pleading when a subsequent motion to dismiss must be granted." Id. at 501-02 (quoting Interchange State Bank v. Rinaldi, 303 N.J. Super. 239, 256-57 (App. Div. 1997)).

We discern no abuse of discretion in the judge's denial of plaintiff's motion for leave to amend. The judge properly denied the motion because the allegations in the proposed amended counts were barred by OPMA's forty-five-day limitation period. The allegations in the proposed amended complaint related to the same meetings challenged in counts one and two, which the judge deemed untimely. Thus, the allegations in the amended pleading would not survive a motion to dismiss, and the judge properly denied plaintiff's motion for leave to amend.

We also reject plaintiff's contention the judge erred in denying its cross-motion for summary judgment. To be considered a proper cross-motion, the

subject matter of the cross-motion must relate to the subject matter of the original motion. See R. 1:6-3(b).

Here, defendants moved to dismiss the complaint as untimely. Plaintiff's cross-motion challenged the intentions of the Board related to its actions or inactions. It is clear from the assertions in plaintiff's cross-motion that the relief sought was unrelated to the subject matter of defendants' motions. Therefore, plaintiff's cross-motion failed to comply with the court rule.

Additionally, a motion for summary judgment must be filed twenty-eight days prior to the return date. See R. 4:46-1. Plaintiff's cross-motion for summary judgment was filed only eight days before the return date of defendants' dismissal motions. Thus, the judge properly denied plaintiff's cross-motion for summary judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

13

A-0927-23